UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEIDRE A. COOPER,

          Plaintiff,

v.

FOREST COUNTY POTAWATOMI
HOTEL & CASINO,

          Defendant.

Case No. 23-CV-1611-JPS

**ORDER**

### 1.    INTRODUCTION

On November 30, 2023, Plaintiff Deidre A. Cooper ("Plaintiff"), proceeding pro se, filed this action alleging that Defendant Forest County Potawatomi Hotel & Casino ("Defendant") discriminated against her in employment on the basis of her race and retaliated against her, both in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 1. After the Court denied her motion for leave to proceed in forma pauperis and pointed out that she would eventually need to file her right to sue letter from the Equal Employment Opportunity Commission ("EEOC,") ECF No. 5, Plaintiff both paid the filing fee and filed her right to sue letter. See docket entry dated Dec. 15, 2023 and ECF No. 6. The Court will therefore screen Plaintiff's complaint in accordance with 28 U.S.C. § 1915. *See* ECF No. 5 at 3–4.

### 2.    SCREENING STANDARD

"[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). The purpose of such screening is to identify

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . .") (citing *Rowe*, 196 F.3d at 783).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3. **FACTUAL ALLEGATIONS**

Plaintiff was an employee of Defendant from June to September 2023. ECF No. 1 at 2. She was employed as a driver—one of three employees who worked in that role—and was "the only [A]frican [A]merican woman" in the role. *Id.* at 3. Her other two coworkers were of Hispanic ethnicity. *Id.*

She states that during her employment, "Jason, the supervisor of the transportation department," threatened to fire her if she "did not work non-scheduled days." *Id.* at 2. She further states that Jason "harassed" her and retaliated against her after she reported him to upper management. *Id.* He "constantly nitpicked" her work, put notes in her mailbox, and harassed her "to sign papers that . . . [she] had already signed." *Id.* at 2, 3. He requested that she "sign paperwork for a different department that was not [her] job" while not making the same request of her coworkers of a different ethnicity. *Id.* at 3. Finally, she states that Jason "refused to train [her]." *Id.* She was "uncomfortable and afraid . . . in the work environment and even

Page 3 of 8

Case 2:23-cv-01611-JPS   Filed 12/26/23   Page 3 of 8   Document 7

coming to work" and describes her work conditions as "unsafe and uncomfortable." *Id.* at 2, 3. Plaintiff describes all of this behavior as amounting to discrimination on the basis of her race. *Id.* at 3.

When she reported Jason's behavior to upper management and human resources staff, they did nothing, and even encouraged her to continue working with him. *Id.* at 2–3.

Further, she states that she was the only driver of the three Defendant employed who "received 4 company guidelines/employment packets." *Id.* at 3. It is unclear what it means to receive such a packet (for example, whether receiving such a packet is a disciplinary measure), and whether Jason was the one to issue them to her. In any event, she avers that the other two drivers, who were of a different ethnicity than her, "did not receive any" such packets. *Id.* Plaintiff alleges that she only received the packets after she reported Jason's behavior.

After receiving the packets, Plaintiff was eventually fired. *Id.* Defendant asserted "poor job performance" as one reason for her termination, which Plaintiff alleges was merely a pretext for her termination because she had "never received any disciplinary talks, write ups[,] or suspensions during [her] employment" with Defendant. *Id.*

For relief, Plaintiff seeks monetary compensation for lost wages and lost career opportunities as well as damages for emotional distress and reimbursement for therapy expenses. *Id.* at 4.

4. **ANALYSIS**

The screening standard in employment discrimination cases, and in civil cases generally, is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Kaminski v. Elite*

*Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021) and *Tamayo*, 526 F.3d at 1084). "Normally, discrimination and retaliation claims are analyzed separately." *Gaines v. K-Five Constr. Corp.*, 742 F.3d 256, 261 (7th Cir. 2014).

Here, accepting all the allegations in the complaint as true, the Court finds that Plaintiff has adequately alleged both that she was discriminated against on the basis of her race and that she was retaliated against for reporting the same. With respect to the former, she alleges that she was repeatedly singled out by a supervisor with specific adverse treatment that her coworkers of a different ethnicity did not receive. *See Eason v. Potter*, No. 03-CV-812, 2006 U.S. Dist. LEXIS 66846, at *13 (E.D. Wis. Sept. 5, 2006) ("Under Title VII, in order for a claimant to establish a prima facie case alleging a hostile work environment, [s]he must demonstrate that [s]he was harassed because of [her] race by a co-worker or a supervisor . . . . Furthermore, the alleged harassment must be so severe and pervasive as to alter the conditions of employment and create an abusive working environment.") (citing *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 462 (7th Cir. 2002) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998)).

Nothing was done when Plaintiff reported this adverse disparate treatment to higher-up employees and human resources staff, and then she was fired, for what she believes were merely pretextual reasons. *Freeman v. Metro. Water Reclamation Dist.*, 927 F.3d 961, 965 (7th Cir. 2019) ("[T]o proceed . . . under . . . Title VII, [Plaintiff] needed only to allege—as [s]he did here—that [her employer] fired h[er] because of h[er] race.") (citing *Tamayo*, 526 F.3d at 1084 and *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)).

With respect to retaliation, a Title VII plaintiff "must plead that she engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity." *Hatcher v. Bd. of Trs. of S. Ill. Univ.*, 829 F.3d 531, 536 (7th Cir. 2016) (citing *Burlington N. and Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)). Reporting unlawful race discrimination is a statutorily protected activity. *Fillmore v. Ind. Bell Tel. Co.*, 729 F. App'x 471, 473 (7th Cir. 2018) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006)). Plaintiff alleges that she was "retaliated against by being fired" "since [she] reported what happened to [her]," that she was "treated differently for reporting unsafe and uncomfortable work conditions," and that she "ha[d] to experience retaliation for seeking help from above management and HR." ECF No. 1 at 3. She has therefore sufficiently stated a claim for retaliation under Title VII.

Plaintiff's complaint makes claims of Title VII race discrimination and retaliation sufficient to survive screening. Plaintiff has also provided a copy of her EEOC right to sue letter. ECF No. 6.

5.  **CONCLUSION**

For the reasons stated herein, Plaintiff may proceed on her claims for race discrimination and retaliation under Title VII.

Plaintiff's next step in this matter is to serve her complaint together with a summons on Defendant. *See generally* Fed. R. Civ. P. 4. Plaintiff may either request service on Defendant by the U.S. Marshals or to obtain service on Defendant on her own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendants on her own, she should simultaneously file a request for the Clerk of the Court to issue service packets to her. There is no cost for the Clerk of Court to issue service

packets to Plaintiff. If Plaintiff hires a process server to serve Defendants, she will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).[1] Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **January 9, 2024**, indicating whether she will obtain service on Defendants on her own or if she desires service by the U.S. Marshals Service.

Accordingly,

**IT IS ORDERED** that, on or before **January 9, 2024**, Plaintiff shall file a notice indicating whether she will obtain service on Defendants on her own or if she desires service by the U.S. Marshals Service.

---

[1] Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Here, because she paid the full filing fee, Plaintiff is not authorized to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 16 at 7 (denying Plaintiff's in forma pauperis motion as moot). In similar circumstances, at least one other court in this district has nonetheless proceeded to order service by the U.S. Marshals. *See Isiah Taylor, III v. Michelle Schmude Reynolds et al.*, Case No. 22-CV-459-PP, ECF No. 12 at 11 (E.D. Wis. Oct. 29, 2022) (ordering service by the U.S. Marshals Service even where plaintiff paid the filing fee in full and did not proceed in forma pauperis). However, the Court finds it most appropriate here to give Plaintiff the choice of service methods.

Dated at Milwaukee, Wisconsin, this 26th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.