# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEIDRE A. COOPER,

                Plaintiff,

v.

FOREST COUNTY POTAWATOMI HOTEL & CASINO,

                Defendant.

Case No. 23-CV-1611-JPS

**ORDER**

## 1. INTRODUCTION

In this case, the Court screened Plaintiff Deidre A. Cooper's ("Plaintiff") complaint and permitted her to proceed on claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Forest County Potawatomi Hotel & Casino ("Defendant").[1] *See generally* ECF No. 7. Now before the Court is Defendant's motion to dismiss the complaint on the bases of insufficient process and service, lack of jurisdiction, and failure to state a claim on which relief can be granted in light of sovereign immunity and tribal exemption from Title VII. ECF No. 18. The motion is fully briefed, ECF Nos. 19, 24, and 25, and then some—Plaintiff filed two unauthorized "responses" to Defendant's reply, ECF Nos. 27 and 28.[2] For the reasons and on the bases

---

[1] The Court refers to Defendant as Plaintiff has named it; however, as explained *infra* Section 3.1, this is not Defendant's correct name.

[2] Parties do not have the right to file sur-replies, but they may ask permission to do so; whether to permit and consider such filings is up to the Court's discretion. *See Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993). Plaintiff has not sought permission to file her sur-replies, but for the sake of completeness, the Court considers and addresses them as appropriate herein.

stated herein, Defendant's motion to dismiss will be granted, and this case will be dismissed with prejudice.

## 2. LEGAL STANDARD

The motion to dismiss purports to challenge both the Court's personal jurisdiction over Defendant and the sufficiency of Plaintiff's complaint and/or the Court's subject matter jurisdiction over the case, as a function of "sovereign immunity and the tribal exemption set forth in Title VII." ECF No. 19 at 1 (citing Fed. R. Civ. P. 12(b)(1), (2), and (4)–(6)); *id.* at 3–4 (citing Fed. R. Civ. P. 12(b)(1) and (6) in support of sovereign-immunity based portion of motion to dismiss). A motion to dismiss for failure to state a claim is about the complaint itself, whereas jurisdiction is about "the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citing 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed. 1990)). "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

### 2.1 Insufficient Service and Process and Lack of Personal Jurisdiction

Federal Rules of Civil Procedure 12(b)(4) and (5) provide for dismissal of complaints for "insufficient process" and "insufficient service of process," respectively. Federal Rule of Civil Procedure 4 sets some parameters for what constitutes proper service and process. The rule requires that a plaintiff deliver to a defendant a summons which names "the parties" and is "directed to the defendant," together "with a copy of the complaint." Fed. R. Civ. P. 4(a)(1)(A), (a)(1)(B), (c)(1). The summons and

complaint must also be served on the defendant in one of the manners that Rule 4 prescribes. In the case of a corporation, service must be made on "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B), (e)(2)(C).[3]

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of complaints against defendants over whom the Court lacks personal jurisdiction. Proper service is one ingredient of personal jurisdiction. "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process[.]" *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). "[T]he service requirement is not satisfied merely because the defendant is aware that [it] has been named in a lawsuit or has received a copy of the summons and the complaint[.]" *Id.* (citing *McMasters v. United States,* 260 F.3d 814, 817 (7th Cir. 2001)).

### 2.2 Sovereign Immunity and Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of complaints that fail to state a viable claim for relief, including where a defendant is entitled to sovereign immunity.[4] Similarly, in a case where a

---

[3] A corporation may also be served in a manner that is consistent with Wisconsin law. Fed. R. Civ. P. 4(h)(1)(A) (providing that service may be effected on a corporation "in the manner prescribed by Rule 4(e)(1)"); Fed. R. Civ. P. 4(e)(1) (providing that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"). Wisconsin law specifies that a corporation may be served "[b]y personally serving the summons upon an officer, director[,] or managing agent of the corporation" or leaving the summons in such a person's office, Wis. Stat. § 801.11(5), or by serving its registered agent, Wis. Stat. § 180.0504(1).

[4] Defendant argues that because it is entitled to tribal sovereign immunity, the case falls outside of the federal district court's subject matter jurisdiction and

party seeks to proceed in forma pauperis (that is, without prepaying the filing fee), "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).[5]

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

must be dismissed. ECF No. 19 at 4–5; Fed. R. Civ. P. 12(b)(1), (h)(3). The Seventh Circuit has not clarified whether sovereign immunity is a jurisdictional question or a waivable affirmative defense (nor which procedural vehicle is proper for a dismissal by reason of sovereign immunity). *Compare Meyers v. Oneida Tribe of Indians of Wis.*, 836 F.3d 818, 822 (7th Cir. 2016) (describing sovereign immunity as a "waivable defense" and "not a jurisdictional" question (citations omitted)), *with Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (describing sovereign immunity as "a jurisdictional defense" (citations omitted)).

Defendant offers two instances of other judges in the Eastern District of Wisconsin granting Rule 12(b)(6) motions to dismiss on the basis of tribal sovereign immunity. ECF Nos. 20-3 and 20-4 (attachments to declaration in support of motion to dismiss, citing *Thurmond v. Forest Cnty. Potawatomi Cmty.*, No. 18-CV-1047-PP, 2020 WL 488864 (E.D. Wis. Jan. 30, 2020), and *Smith v. Potawatomi Bingo Casino*, No. 12-CV-01280, 2013 U.S. Dist. LEXIS 108227 (E.D. Wis. Aug. 1, 2013)).

This Court will follow suit. It notes the conflict in circuit precedent but need not resolve this conflict because the sovereign immunity doctrine is "nevertheless 'a threshold ground[] for denying audience to a case on the merits.'" *Meyers*, 836 F.3d at 822 (quoting *Ruhrgas*, 526 U.S. at 585).

[5]Plaintiff here sought to proceed in forma pauperis; the Court denied her motion and she subsequently paid the filing fee. ECF Nos. 2, 5, 7. Because Plaintiff sought to "reap[] the benefits" of in forma pauperis status, *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445, 448 (7th Cir. 2000), 28 U.S.C. § 1915 applies here. *See also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). the Court "need not accept as true 'legal conclusion[s, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quoting *R.J.R Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)).

3. **BACKGROUND**

Plaintiff's allegations per se are not at issue in the present motion to dismiss; the Court adopts its summary of Plaintiff's complaint as stated in its screening order. ECF No. 7 at 3–4. The only facts that bear mentioning at this stage are (1) that Plaintiff alleges that she was discriminated and retaliated against on the basis of her race during her employment with Defendant, which operates a hotel and casino in Milwaukee, Wisconsin, and (2) that Plaintiff seeks only monetary relief. *Id.*

The Court sets out further facts relevant to Defendant's motion to dismiss below, citing to the record in this case as appropriate. *See Twin City Fire Ins. Co. v. L. Off. of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 775 (N.D. Ill. 2019) ("On a Rule 12(b)(1) motion, as with a Rule 12(b)(6) motion, the court must also consider 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice,' along with additional facts set forth in the non-movant's brief opposing dismissal, so long as those facts 'are consistent with the pleadings.'" (quoting *W.C. Motor Co. v. Talley*, 63 F. Supp. 3d 843, 846 (N.D. Ill. 2014)); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court may consider matters of public record in resolving a motion to dismiss).

### 3.1 Facts Related to Sovereign Immunity

The Forest County Potawatomi Community (the "Tribe") is a federally recognized American Indian Tribe in Crandon, Wisconsin. ECF Nos. 22 and 20-1 (citing INDIAN ENTITIES RECOGNIZED BY AND ELIGIBLE TO RECEIVE SERVICES FROM THE UNITED STATES BUREAU OF INDIAN AFFAIRS, 89 Fed. Reg. 944, 945 (Jan. 8, 2024)).

The Tribe owns the property located at 1721 W. Canal Street in Milwaukee, where it engages in commercial activities under the name "Potawatomi Bingo Casino." ECF Nos. 22 and 20-2 (citing Wisconsin Public Property Record for this address).

Defendant notes these facts in its opening brief. ECF No. 19 at 4–5. Plaintiff does not dispute that the Tribe is a federally recognized tribe nor that it owns the property at 1721 W. Canal Street. She further seems to concede that Defendant is, indeed, one and the same as, or an entity of, the Tribe. *See* ECF No. 24 at 4 ("[T]he casino, operated by the Forest County

Page 6 of 17
Case 2:23-cv-01611-JPS   Filed 04/22/24   Page 6 of 17   Document 29

The Court sets out further facts relevant to Defendant's motion to dismiss below, citing to the record in this case as appropriate. *See Twin City Fire Ins. Co. v. L. Off. of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 775 (N.D. Ill. 2019) ("On a Rule 12(b)(1) motion, as with a Rule 12(b)(6) motion, the court must also consider 'documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice,' along with additional facts set forth in the non-movant's brief opposing dismissal, so long as those facts 'are consistent with the pleadings.'" (quoting *W.C. Motor Co. v. Talley*, 63 F. Supp. 3d 843, 846 (N.D. Ill. 2014)); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court may consider matters of public record in resolving a motion to dismiss).

### 3.1   Facts Related to Sovereign Immunity

The Forest County Potawatomi Community (the "Tribe") is a federally recognized American Indian Tribe in Crandon, Wisconsin. ECF Nos. 22 and 20-1 (citing INDIAN ENTITIES RECOGNIZED BY AND ELIGIBLE TO RECEIVE SERVICES FROM THE UNITED STATES BUREAU OF INDIAN AFFAIRS, 89 Fed. Reg. 944, 945 (Jan. 8, 2024)).

The Tribe owns the property located at 1721 W. Canal Street in Milwaukee, where it engages in commercial activities under the name "Potawatomi Bingo Casino." ECF Nos. 22 and 20-2 (citing Wisconsin Public Property Record for this address).

Defendant notes these facts in its opening brief. ECF No. 19 at 4–5. Plaintiff does not dispute that the Tribe is a federally recognized tribe nor that it owns the property at 1721 W. Canal Street. She further seems to concede that Defendant is, indeed, one and the same as, or an entity of, the Tribe. *See* ECF No. 24 at 4 ("[T]he casino, operated by the Forest County

Potawatomi Community"; "The plaintiff, in challenging *the Tribe's* assertion of sovereign immunity . . ."; "While *the Tribe* contends for absolute sovereign immunity . . .") and 6 ("The plaintiff acknowledges the specific exclusion of *tribes* from Title VII coverage . . . .") (emphases added). However, she argues that, for various reasons, the Tribe (and Defendant) are not entitled to sovereign immunity. ECF No. 24 at 4–5.

The Court has independently verified that the Tribe owns the property located at 1721 W. Canal Street in Milwaukee. *See Milwaukee Property Record for 1721 W. Canal St.*, https://itmdapps.milwaukee.gov/MyMilwaukeeHome/indexSidebarNew.jsp (last visited Apr. 22, 2024). All of the foregoing facts are public record and therefore both subject to judicial notice and properly considered on a motion to dismiss. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

### 3.2 Facts Related to Service

In its screening order, the Court directed Plaintiff to choose whether she wanted to handle service of the complaint and summons on Defendant herself, or request that the United States Marshals Service serve Defendant on her behalf. ECF No. 7 at 7. She elected to handle service herself. ECF No. 8.

A few weeks later, Plaintiff filed a notice certifying that, on December 22, 2023, she had engaged a Milwaukee County Sheriff's Deputy to serve the summons and complaint on Defendant, which she therein identified as "Forest County Potawatomi Human Resources." ECF No. 10. The deputy certified that the summons and complaint were "deliver[ed] to and [left] with . . . Mack Lane," a "[t]eam member relations [s]pecialist" working at 1721 W. Canal Street in Milwaukee. *Id.*

Again, Defendant notes these facts in its opening brief, ECF No. 19 at 3, and Plaintiff does not dispute these facts. She simply argues that she did serve "the appropriate defendant" at the appropriate address. ECF No. 24 at 3–4. The Court will take judicial notice of the service-related facts as they appear from the docket in this case. *See Triad Grp. Inc. v. Vi-Jon, Inc.*, No. 11-CV-766-JPS, 2011 WL 4903290, at *2 (E.D. Wis. Oct. 14, 2011) (citing *Menominee Tribe*, 161 F.3d at 456 and considering court docket in deciding motion to dismiss).

### 3.3 Additional Information in Plaintiff's Opposition Brief

Plaintiff's opposition brief makes reference to several pieces of evidence outside of her complaint, which she says bolster her case and defeat the motion to dismiss. ECF No. 24 at 4 (referencing emails from June 24 and July 20, 2023); *id.* at 4–5 (referencing a Sept. 3, 2023 recording of Defendant's CEO that Plaintiff made without the CEO's knowledge); *id.* at 6–7 (referencing emails from Aug. 11 and Sept. 25, 2023); *id.* at 7–8 (referencing "[w]itness [s]tatements, [s]upporting [i]mages, and PBC Handbook & [i]mages"). Except for the recording, ECF No. 24-4,[6] Plaintiff has failed to actually submit any of this evidence to the Court.

---

[6]Defendant moves to strike this recording "and [r]elated [b]riefing" from the record because it was filed *ex parte* and because it was obtained through possibly criminal means. ECF No. 25 at 3. One of Plaintiff's sur-replies responds to these allegations of criminality. ECF No. 27 at 1–3. Generally, sur-replies are appropriate when a new argument or "new evidence is presented in either a party's reply brief or affidavit in further support of its . . . motion." *Baugh*, 823 F. Supp. at 1457. Defendant's reply brief arguably presented a new argument entitling Plaintiff to respond in a sur-reply, but only because Plaintiff refused to disclose the alleged recording of the CEO earlier. ECF No. 24 at 4 ("The only reason the defendant did not receive this recording is because the defendant refused to have any mediation with me."); ECF No. 25 at 3. As noted above, though the propriety of Plaintiff's extra submissions is debatable, the Court has considered

Even if she had submitted this evidence to the Court alongside her opposition to the motion to dismiss, the Court would disregard it because that evidence was not "*attached to* the complaint" nor is it "critical to the complaint *and referred to in it*." *Twin City Fire Ins. Co.*, 407 F. Supp. 3d at 775 (emphases added). This evidence is also not properly subject to judicial notice (like those facts that Defendant offers in support of its motion to dismiss), as it is not public record, not "generally known within the trial court's territorial jurisdiction," and does not come from sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, while the evidence referenced in her opposition brief might be viewed as "consistent with the pleadings," *id.*, and therefore subject to consideration on the motion to dismiss (an issue on which the Court takes no position), it is ultimately irrelevant to Defendant's motion to dismiss because the motion does not challenge the merits of Plaintiff's claims, but rather whether she can bring them at all. Plaintiff's argument that her September 2023 recording of Defendant's CEO defeats Defendant's claim of sovereign immunity is addressed further below.

**4.     ANALYSIS**

For the reasons stated below, the Court concurs in all respects with Defendant's arguments in favor of dismissal. Defendant's motion to dismiss will be granted.

**4.1     Process, Service, and Personal Jurisdiction**

Defendant first argues that "Plaintiff did not correctly identify [it] in her Summons and Complaint or serve the Tribe with a Summons and

---

them for the sake of complete analysis, but ultimately concludes that Defendant's request to strike must be granted in part. *See infra* Section 4.2.

Complaint against it." ECF No. 19 at 3. Specifically, the entity that Plaintiff has named as Defendant—"Forest County Potawatomi Hotel & Casino"—is "nonexistent." *Id.*; ECF No. 25 at 2 ("'Forest County Potawatomi Hotel & Casino' is not an entity that exists and therefore cannot be sued."). Further, Plaintiff "had her deficient Summons and Complaint served on an employee working at . . . an address that the Tribe owns where it engages in commercial activities under the name 'Potawatomi Bingo Casino.'" ECF No. 19 at 3 (citing ECF No. 20-2). Defendant argues that "Forest County Potawatomi Community"—that is, the Tribe itself—is the proper Defendant and service should have been made on the Tribe on its reservation and to an agent it has authorized to accept service of process. ECF No. 19 at 3 (citing Fed. R. Civ. P. 4(h)); ECF No. 25 at 2. For all these reasons, Defendants argue, "the Court lacks personal jurisdiction over the Tribe as the true party in interest." ECF No. 19 at 3 (citing Fed. R. Civ. P. 12(b)(2), (4), and (5)).

Plaintiff responds that there is no error in how Defendant is named nor how and where it was served. ECF No. 24 at 3. She argues that service at the 1721 W. Canal Street address was proper because that is where the events giving rise to this lawsuit occurred. *Id.* She also argues that "notifying the casino" was sufficient to put the Tribe on notice of the lawsuit. *Id.* at 3–4.

The Court agrees with Defendant. First, Defendant correctly notes that the Tribe is the proper Defendant in this action and should be named in the complaint and summons. There is no dispute that the Tribe owns the property located at 1721 W. Canal Street in Milwaukee and engages in commercial activities there under the name "Potawatomi Bingo Casino"; in other words, for purposes of this litigation, the Tribe and the Defendant as

Page 10 of 17
Case 2:23-cv-01611-JPS   Filed 04/22/24   Page 10 of 17   Document 29

Plaintiff has named it are one and the same. More important than what the summons and complaint say on their faces, though, is the fact that Plaintiff failed to properly serve the summons and complaint on Defendant. A sheriff's deputy delivered the summons and complaint to "Mack Lane," a "[t]eam member relations [s]pecialist" working at 1721 W. Canal Street in Milwaukee. *Id.* Delivering the summons and complaint to an apparently low- to mid-level employee of Defendant is not sufficient to meet Rule 4's requirements. *See supra* note 3 and accompanying text (citing Rule 4 and Wisconsin statute indicating that service must be effected on a corporation's registered agent or on "an officer, director[,] or managing agent of the corporation").

Plaintiff's contention that service is proper at the location where the events giving rise to the lawsuit occurred is not supported by any legal authority. And her contention that service was sufficient under Rule 4 because Defendant was, in fact, apprised of the lawsuit is also incorrect. "[T]he plaintiff must effect proper service pursuant to Rule 4, even if the defendant has actual notice of the lawsuit." *Strabala v. Zhang*, 318 F.R.D. 81, 90 (N.D. Ill. 2016) (citing *McMasters*, 260 F.3d at 817 (7th Cir. 2001)). "[A] defendant who receives actual notice of a lawsuit has the right to insist on strict adherence to procedural formalities." *Id.*; *see also Ligas*, 549 F.3d at 500 (citation omitted). Without proper service that meets the requirements of Rule 4, the Court cannot exercise personal jurisdiction over Defendant. *Ligas*, 549 F.3d at 500 (citation omitted). Accordingly, the complaint must be dismissed on this basis. Fed. R. Civ. P. 12(b)(2).

Although Plaintiff could potentially cure these problems by amending her complaint and reattempting service, permitting her to do so is unnecessary because, as explained in the next section, Defendant is

entitled to sovereign immunity and her lawsuit cannot proceed against it in any instance.

As a side matter (and possibly to draw the Court's attention away from her own deficient service), Plaintiff alleges that Defendant committed perjury by representing that it mailed her the motion to dismiss papers when it filed them, because she never received those papers by mail. ECF No. 24-1.[7] She acknowledges that she did timely receive the documents by email on the day that Defendant filed them, but states that she never consented to receive documents pertaining to this lawsuit by email. *Id.* at 1–2. Plaintiff is correct that, in the absence of her written consent to receive litigation documents by email, Defendant was required to serve them on her by mail. Fed. R. Civ. P. 5(b)(2)(C), (F). But she fails to account for the rule that "service is complete upon mailing," Fed. R. Civ. P. 5(b)(2)(C), and her conspiratorial accusations do not give the Court any reason to suspect that Defendant—through its attorney—did not do what it said it did. Rule 5(b)(2)(C) does not include any exceptions, and the Court has not located any authority to support her assertion that service is incomplete because she attests that she did not receive the filing. Moreover, whatever the reason for the unexplained failure of the mail to arrive, Plaintiff was not prejudiced by it; she was able to respond to Defendant's motion. Plaintiff's argument that the failure of the mail to arrive should defeat Defendant's motion to dismiss is meritless.

---

[7]Plaintiff raises similar accusations in her unauthorized sur-replies. ECF No. 27 at 5–6; ECF No. 28.

### 4.2 Sovereign Immunity

Defendant next argues that Plaintiff's suit is barred because the Tribe has sovereign immunity, and the Tribe's commercial operations at the casino that Plaintiff appears to have intended to name as the Defendant fall within that immunity. ECF No. 19 at 4–5 (citing *Thurmond,* 2020 WL 488864, at *3–4, and *Smith*, 2013 U.S. Dist. LEXIS 108227, at *2–3). Defendant further notes that the Tribe's sovereign immunity can only be overcome by "a clear waiver by the Tribe or by congressional abrogation." *Id.* at 4 (citing *Kiowa Tribe of Okla. v. Mfg. Tech., Inc.*, 523 U.S. 751, 754 (1988) and *U.S. v. U.S. Fid. & Guar. Co.*, 309 U.S. 506 (1940)). Defendant states that both are absent here. *Id.* at 5. Defendant goes on to note that the Tribe is expressly exempt from suits under the plain language of Title VII. *Id.* (citing 42 U.S.C. § 2000e(b)).

Plaintiff responds that sovereign "immunity is not absolute, particularly in the context of engaging in commercial activities." ECF No. 24 at 4. She provides no legal citation for this principle. Instead, she argues that the recording that she made of Defendant's CEO overcomes the Tribe's sovereign immunity. *Id.* at 4–5. She believes this to be the case because in that recording, the CEO allegedly "advocates the overthrow of the presidency and America" and engages in sedition and terroristic threats. *Id.* Again, she has provided no legal citation for the notion that such statements can serve as a basis for abrogating tribal sovereign immunity. Plaintiff further "acknowledges" that the Tribe is exempt from suit under Title VII but encourages the Court to allow her to proceed anyways under the so-called "commercial activities exception." *Id.* at 6.

In reply, Defendant states that Plaintiff "appears to believe the reversed appellate decision is still in force." ECF No. 25 at 1–2 (citing *Kiowa Tribe*, 523 U.S. at 753, where the United States Supreme Court "revers[ed]

an Oklahoma Court of Appeals decision which held that Indian tribes are subject to suit in state court for breaches of contract involving off-reservation commercial conduct"). Defendant emphasizes that the opposite is true under current law. *Id.* at 2 (citing *Kiowa Tribe*, 523 U.S. at 760). Finally, Defendant argues that, not only are Plaintiff's arguments based on the CEO's secretly recorded statement legally unavailing, but they are also "immaterial, impertinent, or scandalous matter[s]" which should be stricken pursuant to Federal Rule of Civil Procedure 12(f). *Id.* at 3; *see also supra* note 6.

Once again, the Court concurs in each of Defendant's arguments. "It is an 'uncontroversial, two-century-old concept that Indian tribes have inherent sovereign authority.' *Meyers*, 836 F.3d at 823 (citing *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 789 (2014)). "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe*, 523 U.S. at 754 (collecting cases).[8] Plaintiff has not pleaded, and the Court sees no indication in the law or in Defendant's conduct, that either is true here. Not only has the Tribe's sovereign immunity not been abrogated or waived, the Tribe is expressly exempt from suits under the plain language of Title VII. 42 U.S.C. § 2000e(b) (defining an "employer" but stating that "such term does not include . . . an Indian tribe").

Plaintiff's argument for application of a "commercial activities exception" to the Tribe's sovereign immunity has no basis in the law.

---

[8]Sovereign immunity does not bar suits where a plaintiff seeks only injunctive relief. *See Nisi v. Brown*, 369 F. Supp. 3d 848, 853 & n.4 (N.D. Ill. 2019) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). That is not the case here; Plaintiff seeks exclusively monetary relief.

"Tribes enjoy immunity from suits on contracts, whether those contracts involve . . . commercial activities and whether they were made on or off a reservation." *Kiowa Tribe*, 523 U.S. at 760; see also *Thurmond*, 2020 WL 488864, at *3 ("Generally, then, the Forest County Potawatomi Community," including its casino operations off its reservation land, "cannot be sued unless it waives its immunity and agrees to be sued."). Defendant's CEO's alleged statements—if he did in fact make them—are not a basis for abrogating sovereign immunity either, as the Court has located no authority supporting a "sedition exception" to the doctrine.

For all these reasons, Defendant is entitled to sovereign immunity and Plaintiff's Title VII claim may not proceed against it. The Court does not believe that Plaintiff could cure this problem through amending her complaint. For example, even if she amended the complaint to name her supervisor or other individual employees of Defendant, those individuals also "do[] not, in [their] individual capacit[ies], fall within Title VII's definition of employer." *Thurmond*, 2020 WL 488864, at *4 (citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995)). Additionally, before filing its motion to dismiss, Defendant pointed out to Plaintiff the basis of the motion and put Plaintiff on notice of an opportunity to amend to plead facts related to sovereign immunity; Plaintiff declined to amend (or even meaningfully confer with Defendant) at that juncture. *See generally* ECF No. 15. In light of these circumstances, the Court need not give Plaintiff leave to amend before dismissing her case. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (noting that the district court need not grant leave to amend where "any amendment would be futile")).

Further, the Court will grant Defendant's request to strike the recording at ECF No. 24-4 as "immaterial, impertinent, [and] scandalous matter." Fed. R. Civ. P. 12(f). As explained *supra* Section 3.3, the recording—like all the extraneous evidence that Plaintiff alludes to in her opposition brief—is not attached to or referenced in the complaint nor can it be judicially noticed, such that it would be properly considered part of the pleading, nor is any of this evidence legally relevant to the motion to dismiss. The Court will not, however, grant Defendant's request to strike briefing related to the recording, since it has dismissed as meritless Plaintiff's arguments that the recording has any legal relevance.

5. **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss Plaintiff's complaint is granted. The Court lacks personal jurisdiction over Defendant due to insufficient service and process, and the complaint fails to state a claim on which relief can be granted. Accordingly, this case will be dismissed with prejudice. Defendant's request to strike the recording at ECF No. 24-4 will be granted as stated herein. To the extent Defendant seeks attorney's fees and costs, ECF No. 25 at 2, it may seek such an award via post-judgment motion but the Court declines to grant the request at this time, because it was raised in passing in a reply brief.

Accordingly,

**IT IS ORDERED** that Defendant Forest County Potawatomi Hotel & Casino's motion to dismiss Plaintiff Deidre A. Cooper's complaint, ECF No. 18, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Forest County Potawatomi Hotel & Casino's request to strike, ECF No. 25, be and the same is hereby **GRANTED** insofar as it seeks to strike the recording at ECF No.

Page 16 of 17
Case 2:23-cv-01611-JPS    Filed 04/22/24    Page 16 of 17    Document 29

24-4; that recording shall be **STRICKEN** and shall not be accessible to the public; and

      **IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

      The Clerk of Court is directed to enter judgment accordingly.

      Dated at Milwaukee, Wisconsin, this 22nd day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.